Smith v. Smith.

---

## SMITH v. SMITH, appellant.

*Judgments payable in coin — evidence — entries — admission of improper testimony.*

In an action upon a bond made in 1859, the referee, by his report dated November 19, 1870, ordered judgment for the amount found due on the bond, payable in gold and silver coin. *Held,* that although the report was correct at the time of its date, it is erroneous now under the decision of the United States supreme court (12 Wall. 457), holding the legal tender act as applied to contracts made before its passage constitutional.

The declarations of a party to his attorney while in consultation, *held* inadmissible against the party.

A witness testified that he was not connected with a bank at the time certain entries were made in the books of such bank. *Held,* that his testimony to prove the entries was inadmissible.

A witness gave his opinion as to the character of an entry in an exhibit. It did not appear that he made the exhibit, or that there was any reason why his opinion was admissible. *Held,* that his testimony was inadmissible.

Smith v. Smith.

Where testimony is offered which is objected to, but admitted by a referee notwithstanding objection, the presumption is that the referee has held the evidence, not only to be competent, but material, and that it may have had an influence in his finding. And it must very clearly appear that it could have had no such influence, before the court, in an action at law, can disregard the objection to it.

APPEAL from a judgment for the plaintiff on the report of a referee. The facts appear in the opinion.

*N. Vickery* and *Levi H. Brown*, for appellant, cited 1 Phill. Ev. 359, ch. 4, § 1; 2 Cow. & Hill's Notes, 926, *et seq.*, 642–644; Sup. Ct. Rule 41; *Cornell* v. *Todd*, 2 Denio, 130, 133; *Hathaway* v. *Payne*, 34 N. Y. 92, 100; *French* v. *Carhart*, 1 id. 96, 100; *Coddington* v. *Davis*, 1 id. 186; *Aberdean* v. *Blackener*, 6 Hill, 324; *Matter of Isaac Negus*, 7 Wend. 499, 504; *Chase* v. *Hinman*, 4 id. 452, 456; *Trinity Church* v. *Higgins*, 48 N. Y. 532; *Gilbert* v. *Wiman*, 1 Conn. 550; *Crippen* v. *Thompson*, 6 Barb. 532; *Scott* v. *Tyler*, 14 id. 202; *Lake* v. *Tyson*, 2 Seld. 461; *Keteltas* v. *Myers*, 19 N. Y. 231, 232; *Sweet* v. *Barney*, 24 Barb. 533, 538; *Bogart* v. *Morse*, 1 Comst. 377.

*James F. Starbuck*, for respondent, cited *Craig* v. *Wells*, 1 Kern. 315; *Cornell* v. *Todd*, 2 Denio, 130; *Van Horne* v. *Crain*, 1 Paige, 455; *Hills* v. *Miller*, 3 id. 254; *Rogers* v. *Kneeland*, 10 Wend. 218; *Coddington* v. *Davis*, 1 Comst. 186; *Mann* v. *Witbeck*, 17 Barb. 388; 2 Abb. Dig. 38; *Bruen* v. *Hone*, 2 Barb. 586; *Lake* v. *Tyson*, 6 N. Y. 461; 2 E. D. Smith, 193; *Clark* v. *Davenport*, 1 Bosw. 95; *Wyman* v. *Farnsworth*, 3 Barb. 369; 3 Barb. Ch. 196; 4 Edm. Ch. 294.

TALCOTT, J. This action is brought upon a bond made in July, 1859. The referee, having reported in favor of the plaintiff, has ordered a judgment in his favor for the amount payable in the gold and silver coin of the United States. The report was made in 1870, and according to the then unreversed decision of the supreme court of the United States, the provision as to the amount being payable in coin was correct. Since that time, however, the supreme court of the United States has overruled its former decision, and now holds the act of congress known as the legal tender act to be constitutional as applicable to contracts made before, as well as after the

passage of the act. See *Legal Tender Cases*, 12 Wall. 457. And that court now reverses the judgments which, like the one before us, were entered while the former decision was in force and made payable in coin. *Bigbee* v. *Wallace*, 14 Wall. 297. The judgment, therefore, in this case, is clearly erroneous in this particular. Were this the only error, it would admit of a remedy by the modification of the judgment in this particular, but there seem to have been errors committed on the trial by reason of which we are compelled to order a new trial. The referee, against the objection of the defendant, allowed to be given in evidence against him his statements and declarations to Mr. Gilbert, on an occasion when the latter was consulted by the defendant as his attorney and counsel. This testimony was inadmissible.

Entries in the books of the Jefferson county bank were permitted to be read in evidence against the defendant's objection. Myers Thompson, the witness for the plaintiff by whom these entries were produced, being asked to look upon the books "and say if the bank, as appears therefrom, has held any and what paper made by David Smith and indorsed by Philander Smith." He stated that he was not then in the bank, but could state what the book showed, and he then was permitted to proceed against the objection and state the contents of the books. S. D. Hungerford, a witness for the plaintiff, was asked, "On exhibit 'No. 22' does the entry D. Smith, note, S. D. H., $469.58, December 11, 1859, refer to the same claim entered as $491.78 before mentioned?" This the defendant objected to as incompetent and as calling for an opinion; the objection was overruled, the defendant excepted, and the witness expressed the opinion "I should think it did; I have no doubt about it." It does not, so far as we discover, appear that the witness made the exhibit referred to, nor does any reason appear to show why his opinion on the subject was admissible.

The case contains a great amount of testimony concerning a great variety of transactions, the bearing and effect of all of which, while doubtless quite well understood and appreciated by the referee and counsel who heard the testimony, it is not easy fully to comprehend from the paper report of the evidence reported verbatim in the order in which it was given. The transactions which were the subject of the evidence are so numerous and obscure, that it is impossible for us to see with certainty that the evidence admitted by the referee, as it appears to us erroneously, did not and could not injuriously affect

the defendant in any particular. Where testimony is offered which is objected to, but admitted by the referee notwithstanding the objection, the presumption is that as the referee has held the evidence not only to be competent, but material, that it may have had an influence upon his findings. And it must very clearly appear that it could have had no such influence, before the court, in an action at law, can disregard the objection to it. The case has been submitted without oral argument. The points of the plaintiff, counsel do not undertake to justify the overruling of the objections referred to, or to explain how the evidence was admissible. This may result from a conviction in his own mind that the objectionable evidence could not have affected the result. We are not able to see that such was the case. It being necessary to reverse the judgment for the errors referred to, it is not important that the numerous objections to the findings of the referee should be examined. Neither is it necessary to discuss the propriety of the order for an extra allowance appealed from, as that falls with the judgment.

Judgment reversed and new trial ordered, costs to abide the event. New referee to be appointed.